UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CITIZENS INSURANCE COMPANY OF
AMERICA and HANOVER INSURANCE             Case No:
COMPANY

      Plaintiffs,

v.

PANZICA BUILDING CORPORATION,
JENNIFER PENNINGTON, and JOSH
PENNINGTON,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs Citizens Insurance Company of America ("Citizens") and Hanover Insurance Company ("Hanover"), by counsel, for their complaint for declaratory judgment and other relief against defendants Panzica Building Corporation ("Panzica Building"), Jennifer Pennington and Josh Pennington (collectively, the "Penningtons"), state as follows:

### The Parties

1. Citizens is a Michigan corporation with its principal place of business in Massachusetts.

2. Hanover is a New Hampshire corporation with its principal place of business in Massachusetts.

3. Upon information and belief, Panzica Building is an Indiana corporation, with its principal place of business in Indiana.

4. Upon information and belief, Jennifer Pennington is an individual residing and domiciled in and is a citizen of Indiana.

5. Upon information and belief, Josh Pennington is an individual residing and domiciled in and is a citizen of Indiana.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 in that it arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants do business and/or reside in this District and the events underlying this action occurred in this District.

8. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under a Commercial Line Policy (No. Z7W A592602 01) that Citizens issued to Panzica Building for the policy period March 31, 2016 to March 31, 2017 (the "Citizens Policy") and under a Commercial Follow Form Excess and Umbrella Policy (No. UH7W A592603 01) that Hanover issued to Panzica Building for the policy period March 31, 2016 to March 31, 2017 (the "Hanover Policy"). Citizens and Hanover attach copies of the Citizens Policy (Ex. A) and the Hanover Policy (Ex. B).

9. Citizens and Hanover ask this Court to declare that the Citizens Policy and the Hanover Policy provide no coverage for and that Citizens and Hanover have no duty to defend or indemnify in connection with a pending lawsuit captioned *Jennifer Pennington and Josh Pennington v. Memorial Hospital of South Bend, Inc. d/b/a Beacon Health and Fitness; Spear Corporation; Panzica Building Corporation; Design Organization, Inc.; Panzica Construction Co.; and Panzica 2, a Joint Venture*, St. Joseph Superior Court, State of Indiana, Cause No. 71D06-1804-CT-000160 (the "Underlying Lawsuit"). Citizens and Hanover attach a copy of the

2

third amended complaint in the Underlying Lawsuit (Ex. C).

## The Underlying Contract and Lawsuit

10. On January 22, 2015, Panzica Building contracted with Beacon Health Systems ("Beacon") (the "Contract") to design and build the New Health & Lifestyle Fitness Center at Beacon's Mishawaka, Indiana campus, which included a lap pool (the "Project"). Citizens and Hanover attach a copy of the Contract (Ex. D).

11. Subsequently, Panzica Building and Beacon amended the Contract through a Partial Assignment Agreement with Panzica2, a Joint Venture (the "Assignment"), under which Panzica Building retained all design services for the Project but assigned all construction services for the Project to Panzica2. Citizens and Hanover attach a copy of the Assignment (Ex. E).

12. Panzica Building performed only design services for the Project, directly and/or through subcontractors.

13. In April 2018, the Penningtons filed the Underlying Lawsuit against Beacon, alleging that on November 16, 2016, Jennifer Pennington sustained an injury in the lap pool when she struck her head on a concrete barrier which bordered her swimming lane.

14. The Penningtons allege that the pool was unreasonably dangerous due to the absence of adequate warnings, defective design, and defective manufacture.

15. The Penningtons filed several amended complaints, adding additional defendants, including Panzica Building. As to Panzica Building, the Penningtons allege generally that Panzica Building may have been negligent.

16. Citizens and Hanover are defending Panzica Building in the Underlying Lawsuit, subject to a reservation of rights.

**Count I**

17. Citizens and Hanover incorporate paragraphs 1 through 16 as though fully restated here.

18. The Citizens Policy and the Hanover Policy bar coverage for Panzica Building's professional liability, including for its provision of design services for the Project, through a number of policy provisions and endorsements.

19. The Citizens Policy contains an Exclusion – Engineers, Architects or Surveyors Professional Liability (CG 2243 4/13) endorsement, which states:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.
> Professional services include:
> 1.  The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and
> 2.  Supervisory, inspection, architectural or engineering activities.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

20. The Citizens Policy also contains an Exclusion – Contractors – Professional Liability (CG 22 79 04/13) endorsement, which states:

> 1.  This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:
>     a.  Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
>     b.  Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

4

>   This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or failure to render any professional services by you or on your behalf with respect to the operations described above.
> 2. Subject to Paragraph 3. below, professional services include:
>    a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
>    b. Supervisory or inspection activities performed as part of any related architectural or engineering activities.
> 3. Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

21. Similarly, the Hanover Policy contains two parts: Coverage A and Coverage B. Coverage A incorporates the above-referenced exclusions contained in the Citizens Policy.

22. Coverage B contains the following exclusion in the Commercial Follow Form Excess and Umbrella Policy form (475-0001 12/14):

>   Applicable to Coverage B – Umbrella Liability only:
>   This insurance does not apply to:
>   * * * *
>   k. Professional Liability
>   Any liability or expense arising out of the rendering of or failure to render any professional service, advice or instruction by you or on your behalf, or from whom any of you assumed liability by reason of a contract or agreement, regardless of whether any such service, advice or instruction is ordinary to any insured's profession.

23. The Hanover Policy also contains an Exclusion – Contractors Errors and Omissions (Coverage A and B) (475-0295 12/14) endorsement, which states:

>   A. The following is added to section VII. EXCLUSIONS, paragraph 1. Applicable to Both Coverage A – Follow Form Excess Liability and Coverage B – Umbrella Liability:
>   This insurance does not apply to:
>   Contractors Errors and Omissions
>   Any liability or expense arising out of the rendering of or failure to render

5

        any professional contractor's services by you or on your behalf, including but only with respect to:
        (1)    Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and
        (2)    Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

B.    For the purpose of this endorsement, professional services include:
        1.    The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and
        2.    Supervisory or inspection activities performed as part of any related architectural or engineering activities.
        Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

24.    The Citizens Policy and the Hanover Policy expressly exclude coverage for Panzica Building's professional liability, including for its provision of design services in connection with the Project.

25.    Because Panzica Building provided only design services in connection with the Project, the Citizens Policy and the Hanover Policy provide no coverage for and Citizens and Hanover owe no duty to defend or indemnify in connection with the Underlying Lawsuit.

## Count II

26.    Citizens and Hanover incorporate paragraphs 1 through 25 as though fully restated here.

27.    The Citizens Policy and the Hanover Policy provide coverage for damages because of "bodily injury" only where the "bodily injury" is caused by an "occurrence," and where no applicable exclusion applies.

28.    The Citizens Policy contains a Commercial General Liability Coverage Form CG 00 01 04/13, which states:

SECTION I – COVERAGES
COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

29. As defined in the Citizens Policy, "occurrence" means an "accident including continuous or repeated exposure to generally the same harmful conditions."

30. Coverage A of the Hanover Policy is subject to the same "occurrence" provisions.

31. Coverage B of the Hanover Policy potentially provides umbrella liability coverage for "bodily injury" caused by an "occurrence," when no applicable exclusion applies, as follows:

Coverage B — Umbrella Liability Insuring Agreement
a. We will pay on behalf of the insured those sums in excess of the "retained limit" shown in the Declarations which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" and "advertising injury" to which this coverage applies, provided:
   (1) The:

7

       (a)    "Bodily injury" or "property damage" is caused by an "occurrence"; or

       (b)    "Personal injury" and "advertising injury" is caused by an offense arising out of your business;

Which took place within the coverage territory as described in section IV. COVERAGE TERRITORY.

32.    The Hanover Policy defines "occurrence" as "an accident including continuous or repeated exposure to generally the same harmful conditions."

33.    The Citizens Policy and the Hanover Policy do not provide coverage for professional errors and omissions, which are not "occurrences."

34.    To the extent that the Penningtons' damages arose out of Panzica Building's work, Panzica Building's provision of design services is a professional error or omission, not an "occurrence," and therefore is not covered by the Citizens Policy or the Hanover Policy.

35.    Because the Underlying Lawsuit does not seek recovery from Panzica Building for damages because of "bodily injury" caused by an "occurrence," Citizens and Hanover owe no duty to defend or indemnify in connection with the Underlying Lawsuit.

## Relief Requested

WHEREFORE, Citizens and Hanover request that this Court declare the rights and obligations of these parties under the insurance contracts and declare that the Citizens Policy and the Hanover Policy provide no coverage for and that Citizens and Hanover have no duty to defend or indemnify in connection with the Underlying Lawsuit; enter judgment providing that Citizens and Hanover may withdraw from providing a defense to Panzica Building in the Underlying Lawsuit; together with an award of attorney's fees, costs and such other and further relief as the Court deems just and proper.

                          Respectfully submitted,

                          COLLINS EINHORN FARRELL PC

                BY:    *s/Patrick D. Crandell*
                              Patrick D. Crandell
                              4000 Town Center, 9th Floor
                              Southfield, MI 48075
                              (248) 355-4141
Dated:  May 20, 2019              patrick.crandell@ceflawyers.com